United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 18-10476-NMG |
| Andrew Cheever, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court are motions of defendant Andrew Cheever ("defendant" or "Cheever") for an indicative ruling, for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and to amend his motion for compassionate release.

**I.   Background**

In December, 2011, defendant pled guilty to a one-count information charging him with possession of child pornography. In March, 2012, this Court sentenced him to 41 months in prison and five years of supervised release.

During his term of supervised release for the 2011 offense, Cheever was charged in an information on one count of possession of child pornography in December, 2018. Early in 2019, both of

-1-

defendant's open criminal cases were consolidated in this session of this Court and Cheever pled guilty to the one-count information.

In May, 2019, this Court sentenced Cheever to 120 months (10 years) in prison and 30 years of supervised release on the second offense.  This Court also found defendant in violation of his conditions of supervised release and sentenced him to five years in prison and 30 years of supervised release for that violation.  The sentences were to be served concurrently.  Cheever is currently incarcerated at FCI Allenwood Low (Pennsylvania) and his projected release date is December 13, 2026.

Cheever moves to modify his sentence to time served or to replace the remainder of his prison time with home confinement. He contends that his incarceration puts him at high risk of contracting COVID-19, particularly because he is overweight and suffers from sleep apnea, bipolar disorder and depression.  The government disagrees and urges this Court to deny defendant's motions.

## II. **Motion for Compassionate Release**

### A. Legal Standard

A court may reduce a defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c) only if, after considering the

factors set forth in § 3553(a), the Court finds that there are "extraordinary and compelling reasons" warranting such a reduction. § 3582(c)(1)(A)(i). Any modification must be made pursuant to either a motion of the Director of the Bureau of Prisons ("BOP") or a motion of the defendant after the defendant has

> fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

§ 3582(c)(1)(A). Even if all other requirements are satisfied, a court should grant a motion for release only if it determines that the defendant is no longer a danger to the public. Id.

**B. Application**

Due to Cheever's pending appeal of the judgment of revocation and the sentence imposed therein, this Court does not have jurisdiction to grant the instant motion. The First Circuit has held that a district court lacks the power to order a sentence modification under 18 U.S.C. § 3582(c) while an appeal of that sentence is pending. See United States v. Maldonado-Rios, 790 F.3d 62, 64 (1st Cir. 2015). A district court may, however, issue an indicative ruling even when it lacks jurisdiction due to a pending appeal. See id. at 64-65. Rather than issue an indicative ruling only to deny defendant's

motion for compassionate release, however, this Court will address the merits of that motion and deny it in the interest of judicial economy. See United States v. Rosado, 2020 U.S. Dist. LEXIS 174600, at *3-4 (D. Mass. Sept. 23, 2020).

Defendant reports that he is overweight and suffers from sleep apnea, bipolar disorder and depression.  Although Cheever asserts that his medical conditions make him more susceptible to COVID-19 complications, only one of those conditions, being overweight, qualifies as potentially placing Cheever at an increased risk of severe illness from COVID-19. See People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 20, 2021) (listing being overweight as a condition that "might" place adults at an increased risk of severe illness but not sleep apnea, bipolar disorder or depression).

In any event, defendant has proffered no facts to suggest that any of his medical conditions substantially diminish his capacity to care for himself and to participate in measures to protect against the transmission of COVID-19.  Accordingly, defendant has not shown that his medical conditions constitute "extraordinary and compelling" reasons for his release. See United States v. Jones, 2020 U.S. Dist. LEXIS 196406, at *6-11

(D. Mass. Oct. 22, 2020) (denying compassionate release for a 38-year-old overweight defendant suffering from diabetes and hypertension); United States v. Sanchez, 2020 U.S. Dist. LEXIS 243608, at *9-12 (D.N.M. Dec. 29, 2020) (denying compassionate release for an overweight defendant suffering from high blood pressure, high cholesterol, and sleep apnea).

Cheever submits that the tendency of COVID-19 to spread rapidly at FCI Allenwood Low exacerbates the risk posed by his health conditions.  According to the BOP website, there are currently five confirmed active cases among inmates and 14 cases among staff at that facility.  The fact that there are positive cases of COVID-19 at the facility is not, however, enough to warrant Cheever's release.  In fact, several courts have recently denied compassionate release for inmates at FCI Allenwood Low despite the increase in confirmed cases. See United States v. Burroughs, 2021 U.S. Dist. LEXIS 8983 (E.D. Mich. Jan. 19, 2021) (denying compassionate release from FCI Allenwood Low when there were 29 confirmed cases among inmates and 14 confirmed cases among staff); United States v. Shkreli, 2021 U.S. Dist. LEXIS 8835 (E.D.N.Y. Jan. 16, 2021) (same).  The BOP has implemented precautionary measures to curb the spread of COVID-19 and there is no indication that FCI Allenwood Low currently poses an unacceptable threat to prisoner safety.

Finally, even if Cheever's medical conditions constitute extraordinary and compelling reasons for release, a reduction in his sentence would be inconsistent with the § 3553(a) factors and the need to ensure the safety of the public.  Defendant has been convicted and sentenced twice for possession of child pornography.  Furthermore, he committed the most recent offense while serving a term of supervised release for the prior child pornography offense.  The seriousness of his repeated crimes involving particularly vulnerable victims and the need for just punishment weigh heavily against Cheever's release. § 3553(a)(2).

## ORDER

Accordingly, defendant's motion for compassionate release (Docket No. 57) and his prior pro se motion for compassionate release (Docket No. 54) are **DENIED** without prejudice.  Defendant's motion for an indicative ruling (Docket No. 58) and his motion to amend his motion for compassionate release (Docket No. 64) are **DENIED** as moot.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated January 21, 2021