**United States District Court**
**District of Massachusetts**

| | | |
|---|---|---|
| **Andrew Cheever,**<br>**Petitioner,**<br>**v.**<br>**United States,**<br>**Respondent.** | ) | **Criminal Action No. 18-10476-NMG** |

**MEMORANDUM & ORDER**

**GORTON, J.**

Andrew Cheever ("Cheever" or "petitioner") moves to vacate, set aside or correct his prior convictions arising from his cases in 2012 ("the Original Case") and 2019 ("the New Case") pursuant to 28 U.S.C. § 2255. Specifically, Cheever claims ineffective assistance of counsel.

## I. Background

In March, 2012, Cheever was convicted of one count of child pornography. This Court sentenced him to 41 months' incarceration to be followed by five years of supervised release. While on supervised release in June, 2018, petitioner was arrested and charged with two violations of supervised release and ultimately charged by an information with possession of child pornography.

In February, 2019, petitioner pled guilty pursuant to a Rule 11(c)(1)(C) binding plea agreement, which proscribed a total prison term of 120 months. The agreement also included an agreed-upon statement of facts in which petitioner admitted that in June, 2018, he 1) knowingly possessed the child pornography images recovered from deleted files found in the search of his residence, 2) knew those images contained child pornography and 3) knew they had been transmitted over the internet.

At the Rule 11 hearing, petitioner acknowledged that he was under oath and stated that he was fully satisfied with the counsel, representation and advice given to him by his appointed counsel. Petitioner also stated that he understood that, if the Court accepted the binding plea agreement, he would surrender his right to a trial and receive a pre-determined sentence of 120 months of incarceration. Petitioner did not seek to withdraw his guilty plea.

In April, 2019, petitioner filed a pro se motion for a 60-day stay of sentencing, which was scheduled to commence the following month, so that he could address alleged errors in the government's statement of facts with his counsel. Petitioner added that he wanted his counsel to raise with the Court at sentencing "medical issues, letters of support, degrees, certifications, licenses, certificates and programs." Four days later, Cheever's counsel filed an assented-to motion to continue

the sentencing to a date not later than June 6, 2019, acknowledging and supplanting his pro se motion to continue. The record shows counsel also emphasized to petitioner that defendants who are represented by counsel cannot file their own motions. The Court allowed the motion to continue filed by petitioner's counsel and rescheduled the sentencing to May 28, 2019.

On that date, the Court sentenced petitioner to the mandatory minimum sentence of 120 months in the New Case, to run concurrently with the mandatory minimum sentence of 60 months in the Original Case. He was subject to a sentence of up to 240 months in the New Case. Petitioner was also sentenced to 30 years of supervised release and ordered to pay a $30,000 fine in addition to a $5,100 special assessment.

On May 29, 2019, the day after sentencing, a pro se motion for the appointment of new counsel dated May 20, 2019 and notarized on May 24, 2019, was docketed. Petitioner filed that pro se motion on the docket in his original conviction, Case No. 11-cr-10398, rather than in the New Case. In that motion, petitioner stated that

> strategic differences [between his counsel and himself] have arisen on a multitude of material issues [and that he had exercised] considerable diligence in attempting to ameliorate these differences.

Specifically, petitioner claimed that his counsel did not check the accuracy of forensic evidence, which he felt would impact sentencing. Neither counsel for petitioner nor the government filed any response to petitioner's pro se motion for new counsel, and the Court did not rule on that motion.

Cheever filed a direct appeal to the First Circuit Court of Appeals and argued that the case should be remanded to the district court for a hearing on six claims of ineffective assistance of counsel. The First Circuit granted the government's motion for summary disposition, finding that petitioner failed to identify either indicia of ineffectiveness or markers of prejudice sufficient to justify a remand. The First Circuit denied the motion without prejudice to Cheever's pursuit of his ineffective assistance claims via collateral attack.

In March, 2023, Cheever filed the pending motion to vacate, correct or set aside his sentence under 28 U.S.C. § 2255.

## II. Pending Motion

### A. Legal Standard

#### 1. § 2255

A person in federal custody may move the Court to vacate, set aside or correct his or her sentence on the ground that

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the

> court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). If the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," it is unnecessary for the Court to hold a hearing on the matter. § 2255(b).

**2. Strickland Rule**

A criminal defendant has the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To demonstrate ineffective assistance of counsel, a defendant

> must establish that (1) counsel's representation fell below an objective standard of reasonableness, and (2) a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

Watson v. United States, 37 F.4th 22, 27 (1st Cir. 2022) (internal quotation marks and citation omitted). The two components of the Strickland test are known respectively as the performance and prejudice prongs. See Strickland, 466 U.S. at 687. A court does not need to analyze the prongs in any particular order. Id. at 697. If a Court can dispose of an ineffectiveness claim for lack of sufficient prejudice, then it need not consider the performance prong. Id.

In determining whether counsel's performance was deficient, there is a strong presumption that counsel "made all significant

decisions in the exercise of reasonable professional judgment." United States v. Messner, 37 F.4th 736, 741 (internal citation omitted). A deficient performance is one that was "so patently unreasonable that no competent attorney would have made it." See Watson, 37 F.4th at 28 (quoting Tevlin v. Spencer, 621 F.3d. 59, 66 (1st Cir. 2010)).

To demonstrate prejudice at the sentencing stage, a defendant must show

> [a] reasonable probability that, but for incompetent counsel's errors, [he] would have received a lesser sentence.

Messner, 37 F.4th at 741 (emphasis added) (citing United States v. Grace, 367 F.3d 29, 37 (1st Cir. 2004)). He must establish that there was a "substantial, not just conceivable, probability of a different result." Id. (internal quotation marks and citation omitted).

### B. Application

#### 1. Prejudice

The government asserts that petitioner cannot demonstrate prejudice because he pled guilty to the lowest sentence possible under his binding plea agreement. Therefore, even had counsel done as requested, the outcome of the sentencing could not have been more favorable.

Petitioner rejoins that the prejudice analysis is not based on whether he would have received a lesser sentence but rather whether he was prejudiced by the denial of his request for newly appointed counsel. In his reply brief, petitioner insists that Lee v. United States, 582 U.S. 357 (2017), supports his proposition.[1]

The government is correct that, as noted supra, in the sentencing context, petitioner must show a reasonable probability that, but for counsel's errors, he would have received a lesser sentence. Messner, 37 F.4th at 741. Here, petitioner has failed to satisfy the Stickland prejudice prong. Because he was sentenced to the mandatory minimum sentence of 120 months pursuant to a binding plea agreement, he could not have received a lower sentence. Even if petitioner's counsel had adhered to his requests, the sentence could not have been lower. Furthermore, nothing in the record suggests that Cheever did not understand the implications of the binding plea agreement.

A review of the facts of Lee illustrates why that decision is inapplicable. In that case, Lee, an illegal alien, was

[1] Cheever did not submit an opening brief to supplement his § 2255 motion and because he introduced the Lee argument only in his reply brief, that argument is waived. See Sandstrom v. ChemLawn Corp., 904 F.2d 83, 86 (1st Cir. 1990) ("[B]ecause the argument was not made to the district court or in appellant's opening brief, surfacing only in his reply brief, it has been waived.").

indicted on one count of possession of ecstasy with intent to distribute. Lee, 582 U.S. at 361. After his attorney repeatedly told him that he would not face deportation as result of pleading guilty, Lee accepted the plea. Id. Soon thereafter, Lee learned that he had pled guilty to an "aggravated felony" under the Immigration and Nationality Act and that non-citizens convicted of such an offense are subject to mandatory deportation. Id. at 361—62. He filed a § 2255 motion to vacate, arguing ineffective assistance of counsel.

The Supreme Court concluded that, but for his attorney's incompetence, Lee "would not have pleaded guilty and would have insisted on going to trial." Id. at 371 (internal quotation marks and citation omitted). The Court noted that

> [w]hen a defendant alleges his counsel's deficient performance led him to accept a guilty plea rather than go to trial ... [the Court] consider[s] whether the defendant was prejudiced by the denial of the entire judicial proceeding to which he had a right.

Lee, 582 U.S. at 364 (internal quotation marks and citation omitted).

In Lee, therefore, the petitioner forfeited his right to trial because he relied on inaccurate advice of counsel. Here, by contrast, petitioner was deprived only of a proceeding to determine whether new counsel should be appointed. By the time Cheever filed his pro se motion for new counsel, he had already

pled guilty and acknowledged under oath that he was satisfied with his counsel's performance. The denial of Cheever's hearing for new counsel did not result in a "fundamentally unfair or unreliable outcome" consistent with Lee's forfeiture of a trial. Messner, 37 F.4th at 741 (internal citation omitted). Petitioner's pro se motion addressed only issues he had with his attorney concerning sentencing, not his guilty plea. In fact, he has not expressed any grievance about his decision to plead guilty. Reliance on Lee does not bolster petitioner's claim.

**2. Performance**

Even if petitioner could demonstrate prejudice, he has not established that his attorney's performance was deficient.

Again, the government notes that Cheever's counsel could not have secured for him a better outcome at sentencing. He received the mandatory minimum sentence. No reasonable attorney would have sought to reopen Cheever's sentencing to address an untimely pro se motion for new counsel.

Petitioner contends that his attorney's performance was deficient because his successive pro se filings, including his request for new counsel, should have alerted counsel that he was dissatisfied with her assistance. He further claims that once he requested appointment of new counsel, his counsel should have ensured that the Court prioritize consideration of that request.

In his motion for new counsel, the only evidence of incompetence that petitioner offers is his counsel's alleged failure to check the accuracy of forensic evidence, which petitioner claimed would affect sentencing. Petitioner points to no specific forensic evidence, does not suggest that his counsel actually failed to review that evidence and does not explain how such a deficiency would have impacted his sentencing.

Furthermore, petitioner does not suggest that he brought his motion for new counsel to the attention of his appointed counsel or the Court before or during the sentencing hearing even though the Court asked if there was any other written material it should have received in connection with the sentencing. Even had petitioner notified his attorney about the pro se motion, it would have been reasonable for counsel not to have raised that issue at the sentencing, especially after her client had already agreed to the lowest possible sentence allowed by law.

Because Cheever has satisfied neither the prejudice prong nor the performance prong of the Strickland test, his ineffective assistance of counsel claim fails.

**ORDER**

For the foregoing reasons, Cheever's motion to vacate under 28 U.S.C. § 2255 (Docket No. 74) is **DENIED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: December 14, 2023